# EXHIBIT A

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of ) <br> YS GM MARFIN II LLC; ) <br> YS GM MF VII LLC; ) <br> YS GM MF VIII LLC; <br> YS GM MF IX LLC; <br> YS GM MF X LLC. <br><br> For an Order to Conduct Discovery for ) <br> Use in Foreign Proceedings ) | Civil Action No. _____ |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   **The Clearing House Payments Company L.L.C.**
      1114 Avenue of the Americas, 17th Floor
      New York, NY 10036

*Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Exhibit A**.

| Place: | Murphy & McGonigle <br> 1185 Avenue of the Americas, 21st Floor <br> New York, NY  10036 | Date and Time: |
|---|---|---|

The deposition will be recorded by this method: _____

✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*
                                                                OR

    _____        _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing YS GM MARFIN II LLC; YS GM MF VII LLC; YS GM MF VIII LLC; YS GM MF IX LLC; and YS GM MF X LLC., who issues or requests this subpoena, are: **Andrew J. Melnick, Esq., Murphy & McGonigle, 1185 Avenue of the Americas, 21st Floor, New York, NY 10036, (212) 880-3999, Andrew.Melnick@mmlawus.com**

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

1.      Each person or entity listed in Table A shall be deemed to include any name of similar variation, including the names in the "also known as" column. Accordingly, a request for Documents involving a person or entity listed in Table A shall also encompass any person or entity similarly named or included in the "also known as" column.

2.      If no date is specified, each Document Request requests all responsive documents from June 01, 2018 to the present.

## DOCUMENT REQUESTS

a.      An electronic copy of all wire transfers processed through Clearing House Interbank Payments System ("CHIPS") in which the following search terms appear in the wire/payment message:

| TABLE A | |
|---|---|
| **PART A: BORROWERS OF THE LOANS** | |
| *Entities / Individuals* | *Also Known As* |
| North Star Marine Ltd. | |
| Gemini Marine Ltd. | |
| Gemini Marine (No. 1) Ltd. | |
| Gemini Marine (No. 2) Ltd. | |
| Gemini Marine (No. 3) Ltd. | |
| Gemini Marine (No. 4) Ltd. | |
| Gemini Marine (No. 5) Ltd. | |
| Gemini Marine (No. 6) Ltd. | |
| Gemini Marine (No. 7) Ltd. | |

| | |
|---|---|
| Gemini Marine (No. 8) Ltd. | |
| Gemini Marine (No. 10) Ltd. | |
| Gemini Marine (No. 12) Ltd. | |
| Gemini Marine (No. 13) Ltd. | |
| Gemini Marine (No. 14) Ltd. | |
| Aquarius Marine Ltd. | |
| **PART B: GUARANTORS TO THE LOANS** | |
| *Entities / Individuals* | *Also Known As* |
| North Star Maritime Holdings Limited | |
| Muhammad Tahir Lakhani | Tahir Lakhani |
| Muhammad Ali Lakhani | Ali Lakhani |
| Muhammad Hassan Lakhani | Hassan Lakhani |
| **PART C:  PARTY INVOLVED IN THE TRANSACTION RELATED TO THE WU XIAN FRAUD** | |
| *Period* | *Entity* |
| From September 01, 2019 to the present | Holman Fenwick Willan Singapore LLP |
| **PART D: INTERMEDIARY BUYERS AND SELLERS OF VESSELS IN BACK-TO-BACK SALES WHICH ARE LINKED TO THE NORTH STAR GROUP** | |
| *Entities / Individuals* | *Also Known As* |
| Dubai Navigation Corp. | |
| Lars Juul Jorgensen | |
| Rao Varanasi | |

| Entities / Individuals | Also Known As |
|---|---|
| Ralph Becker | |
| Kowshik Kuchroo | |
| Five Star Shipping Ltd. | |
| Morrito Maritime Inc. | |
| Cobb Maritime No. 4 Ltd. | |
| Cobb Maritime No. 5 Ltd. | |
| **PART E: OTHER AFFILIATES OF THE NORTH STAR GROUP** | |
| *Entities / Individuals* | *Also Known As* |
| NS General Trading LLC | |
| North Star Holdings LLC | |
| Gulf Star Agencies Ltd. | |
| Astir Maritime Ltd. | |
| Astir Maritime No. 1 Ltd. | |
| Astir Maritime No. 2 Ltd. | |
| Astir Maritime No. 3 Ltd. | |
| Astir Maritime No. 4 Ltd. | |
| Astir Maritime No. 5 Ltd. | |
| Astir Maritime No. 6 Ltd. | |

| | |
|---|---|
| Astir Maritime No. 7 Ltd. | |
| Astir Maritime No. 8 Ltd. | |
| Astir Maritime No. 9 Ltd. | |
| Astir Maritime No. 10 Ltd. | |
| Astir Maritime No. 11 Ltd. | |
| Astir Maritime No. 12 Ltd. | |
| Christie Maritime Ltd. | |
| Cobb Maritime Ltd. | |
| Conrad Maritime Ltd. | |
| Monsarrat Maritime Ltd. | |
| Verne Maritime Ltd. | |
| Cobb Maritime No. 1 Ltd. | |
| Cobb Maritime No. 2 Ltd. | |
| Cobb Maritime No. 3 Ltd. | |
| Etoile Polaire Ltd. | |
| Taurus Maritime Ltd. | |
| Pisces Maritime Ltd. | |

| Capricorn Maritime Ltd. | |
| --- | --- |
| Cepheus Maritime Ltd. | |
| Cygnus Maritime Ltd. | |
| Perseus Maritime Ltd. | |
| Kei Maritime Ltd. | |
| Vita Maritime Ltd. | |
| Vega Maritime No. 1 Ltd. | |
| Vega Maritime No. 2 Ltd. | |
| Vega Maritime No. 3 Ltd. | |
| Vega Maritime No. 4 Ltd. | |
| Vega Maritime No. 5 Ltd. | |
| Gemini Marine (No. 9) Ltd. | |

| PART F: OTHER ARMS OF THE LAKHANI GROUP ||
| --- | --- |
| *Entities / Individuals* | *Also Known As* |
| Gulfstar SA | |
| DTA Maritime LLC | |
| Star Property Investments Limited | |

| PART G: OTHER THIRD PARTIES OF INTEREST TO THE INVESTIGATION ||
| --- | --- |
| *Entities / Individuals* | *Also Known As* |
| SH Process Agents Limited | |

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re Application of ) <br> YS GM MARFIN II LLC; ) <br> YS GM MF VII LLC; ) <br> YS GM MF VIII LLC; <br> YS GM MF IX LLC; <br> YS GM MF X LLC. <br><br> For an Order to Conduct Discovery for ) <br> Use in Foreign Proceedings ) | Civil Action No. _____ |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:    **"INTERMEDIARY BANK"**

   *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: **See Exhibit A**.

| Place: | Murphy & McGonigle <br> 1185 Avenue of the Americas, 21st Floor <br> New York, NY  10036 | Date and Time: |
|---|---|---|

   The deposition will be recorded by this method: _____

   ✓ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: **See Exhibit A**.

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                *CLERK OF COURT*
                                            OR

_____        _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing YS GM MARFIN II LLC; YS GM MF VII LLC; YS GM MF VIII LLC; YS GM MF IX LLC; and YS GM MF X LLC., who issues or requests this subpoena, are: **Andrew J. Melnick, Esq., Murphy & McGonigle, 1185 Avenue of the Americas, 21st Floor, New York, NY 10036, (212) 880-3999, Andrew.Melnick@mmlawus.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❯ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❯ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS & INSTRUCTIONS

1. **Bank.** "Bank" shall mean the person or entity to whom this subpoena is directed.

2. **Document.** "Document" shall have the same meaning and scope as "documents or electronically stored information" within the meaning of Federal Rule of Civil Procedure 34(a)(1)(A).

3. **CHIPS.** "CHIPS" shall mean the Clearing House Interbank Payment System, operated by the New York Clearing House Association.

4. **SWIFT.** "SWIFT" shall mean the Society for Worldwide Interbank Financial Telecommunications.

5. **Fedwire.** "Fedwire" means the Federal Reserve's funds transfer system.

6. You are requested to produce all documents that are in your possession, custody, or control, including, but not limited to, documents in the possession, custody or control of your affiliates, attorneys, consultants, professionals, agents, representatives, employees, subsidiaries, sister corporations, parent corporations or any other person or entity acting on your behalf. You have the affirmative duty to contact any third party, including the foregoing, from whom you have "the legal right to obtain the documents requested upon demand." *Sergeeva v. Tripleton Int'l Ltd.*, 834 F.3d 1194, 1201 (11th Cir. 2016) (affirming order that U.S. company produce documents in the physical possession or custody of a foreign affiliate). *See also SeaRock v. Stripling*, 736 F.2d 650, 653–54 (11th Cir. 1984); *In re Markus*, 607 B.R. 379 (Bankr. S.D.N.Y. 2019).

7. As payment messages may not include the exact name of the Entities or Individuals, when searching for documents responsive to transfers, please include payment messages or other Documents that include entities with names substantially similar to the names listed above.

8. Together with any Documents produced in response to this Subpoena, please provide an affidavit or certification sufficient to identify such Documents as business records of a regularly conducted activity, as described in the Federal Rules of Evidence 803(6).

## DOCUMENT REQUESTS

1. Logs or spreadsheets listing all <u>wire transfers</u> received by any account, person, or entity listed in **TABLE A**, below, in which transfers the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer. If not no date is specified, this Request is limited to searches regarding wire transfers occurring during the period <u>beginning with June 01, 2018, through and including the present date.</u>

2. To the extent not included in Document Request 1, logs or spreadsheets of all CHIPS, SWIFT, or Fedwire <u>payment messages</u> regarding any wire transfer initiated or received by any person or entity listed in **TABLE A**, below, in which transfer the Bank acted <u>solely</u> as an intermediary bank or correspondent bank to CHIPS, Fedwire, or otherwise to facilitate an interbank funds transfer. If not no date is specified, this Request is limited to searches regarding wire transfers occurring during the period <u>beginning with June 01, 2018, through and including the present date.</u>

| TABLE A ||
|---|---|
| **PART A: BORROWERS OF THE LOANS** ||
| *Entities / Individuals* | *Also Known As* |
| North Star Marine Ltd. | |
| Gemini Marine Ltd. | |
| Gemini Marine (No. 1) Ltd. | |
| Gemini Marine (No. 2) Ltd. | |
| Gemini Marine (No. 3) Ltd. | |
| Gemini Marine (No. 4) Ltd. | |
| Gemini Marine (No. 5) Ltd. | |
| Gemini Marine (No. 6) Ltd. | |
| Gemini Marine (No. 7) Ltd. | |

| | |
|---|---|
| Gemini Marine (No. 8) Ltd. | |
| Gemini Marine (No. 10) Ltd. | |
| Gemini Marine (No. 12) Ltd. | |
| Gemini Marine (No. 13) Ltd. | |
| Gemini Marine (No. 14) Ltd. | |
| Aquarius Marine Ltd. | |
| **PART B: GUARANTORS TO THE LOANS** ||
| *Entities / Individuals* | *Also Known As* |
| North Star Maritime Holdings Limited | |
| Muhammad Tahir Lakhani | Tahir Lakhani |
| Muhammad Ali Lakhani | Ali Lakhani |
| Muhammad Hassan Lakhani | Hassan Lakhani |
| **PART C: PARTY INVOLVED IN THE TRANSACTION RELATED TO THE WU XIAN FRAUD** ||
| *Period* | *Entity* |
| From September 01, 2019 to the present | Holman Fenwick Willan Singapore LLP |
| **PART D: INTERMEDIARY BUYERS AND SELLERS OF VESSELS IN BACK-TO-BACK SALES WHICH ARE LINKED TO THE NORTH STAR GROUP** ||
| *Entities / Individuals* | *Also Known As* |
| Dubai Navigation Corp. | |
| Lars Juul Jorgensen | |
| Rao Varanasi | |

| Entities / Individuals | Also Known As |
|---|---|
| Ralph Becker | |
| Kowshik Kuchroo | |
| Five Star Shipping Ltd. | |
| Morrito Maritime Inc. | |
| Cobb Maritime No. 4 Ltd. | |
| Cobb Maritime No. 5 Ltd. | |
| **PART E: OTHER AFFILIATES OF THE NORTH STAR GROUP** | |
| *Entities / Individuals* | *Also Known As* |
| NS General Trading LLC | |
| North Star Holdings LLC | |
| Gulf Star Agencies Ltd. | |
| Astir Maritime Ltd. | |
| Astir Maritime No. 1 Ltd. | |
| Astir Maritime No. 2 Ltd. | |
| Astir Maritime No. 3 Ltd. | |
| Astir Maritime No. 4 Ltd. | |
| Astir Maritime No. 5 Ltd. | |
| Astir Maritime No. 6 Ltd. | |

| | |
|---|---|
| Astir Maritime No. 7 Ltd. | |
| Astir Maritime No. 8 Ltd. | |
| Astir Maritime No. 9 Ltd. | |
| Astir Maritime No. 10 Ltd. | |
| Astir Maritime No. 11 Ltd. | |
| Astir Maritime No. 12 Ltd. | |
| Christie Maritime Ltd. | |
| Cobb Maritime Ltd. | |
| Conrad Maritime Ltd. | |
| Monsarrat Maritime Ltd. | |
| Verne Maritime Ltd. | |
| Cobb Maritime No. 1 Ltd. | |
| Cobb Maritime No. 2 Ltd. | |
| Cobb Maritime No. 3 Ltd. | |
| Etoile Polaire Ltd. | |
| Taurus Maritime Ltd. | |
| Pisces Maritime Ltd. | |

| Entities / Individuals | Also Known As |
|---|---|
| Capricorn Maritime Ltd. | |
| Cepheus Maritime Ltd. | |
| Cygnus Maritime Ltd. | |
| Perseus Maritime Ltd. | |
| Kei Maritime Ltd. | |
| Vita Maritime Ltd. | |
| Vega Maritime No. 1 Ltd. | |
| Vega Maritime No. 2 Ltd. | |
| Vega Maritime No. 3 Ltd. | |
| Vega Maritime No. 4 Ltd. | |
| Vega Maritime No. 5 Ltd. | |
| Gemini Marine (No. 9) Ltd. | |
| **PART F: OTHER ARMS OF THE LAKHANI GROUP** | |
| *Entities / Individuals* | *Also Known As* |
| Gulfstar SA | |
| DTA Maritime LLC | |
| Star Property Investments Limited | |
| **PART G: OTHER THIRD PARTIES OF INTEREST TO THE INVESTIGATION** | |
| *Entities / Individuals* | *Also Known As* |
| SH Process Agents Limited | |