USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 04/07/2020

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

In re Application of
YS GM MARFIN II LLC;
YS GM MF VII LLC;
YS GM MF VIII LLC;
YS GM MF IX LLC;
YS GM MF X LLC.

For an Order to Conduct Discovery for

Use in Foreign Proceedings

Case No. 20-mc-00182

**~~[PROPOSED]~~ ORDER GRANTING *EX PARTE* APPLICATION FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782**

THIS CAUSE came before the Court upon the *Ex Parte* Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by YS GM MARFIN II LLC; YS GM MF VII LLC; YS GM MF VIII LLC; YS GM MF IX LLC; and YS GM MF X LLC (collectively, the "Applicants"). The Court, having considered the § 1782 Application and supporting materials, and otherwise being fully advised in the premises, finds as follows:

A.   Applicants have met the requirements for granting the requested judicial assistance under 28 U.S.C. § 1782.

B.   For purposes of the instant Application, the Court finds that the Applicants seek documentary evidence from The Clearing House Payments Company L.L.C; Bank of America, N.A.; Bank of China; The Bank of New York Mellon; BNP Paribas USA; Citibank, N.A.; Commerzbank AG; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JPMorgan Chase Bank, N.A.; Societe Generale; Standard Chartered Bank; UBS AG; and Wells Fargo Bank,

N.A.. (collectively, the "Discovery Targets"), which reside or are found in the Southern District of New York.

C. The documentary evidence sought through this Application is for use in (i) a civil proceeding commenced by Applicant YS GM MF VIII LLC, which is pending before the Commercial Court of Malaya at Kuala Lumpur, Malaysia; (ii) a civil proceeding commenced by Applicants, which is pending before the Commercial Court of London, England (together with the proceeding in Malaysia, the "Pending Proceedings"); and (iii) other contemplated civil proceedings through which Applicants seek to collect a debt against the borrowers and guarantors originated from five loan agreements and against transferees of proceeds of the sale of vessels that were beached or scrapped irrespective to Applicants' mortgage (the "Contemplated Proceedings", and together with the Pending Proceedings, the "Pending and Contemplated Proceedings").

D. Further, as claimants in the Pending Proceedings and putative claimants in the Contemplated Proceedings, each of the Applicants are an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) the Discovery Targets will not be a party to the proceedings in Malaysia or England and are not expected to become party thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Malaysian or English courts would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Malaysian or English proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as

the Application requests evidence of the Discovery Targets that is the type normally produced by corporate entities or persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicants are authorized to issue and serve a subpoena on the Discovery Targets in substantially similar form to the forms attached to the Application. Applicants are further authorized to issue and serve additional follow up subpoenas on the Discovery Targets as may be necessary to obtain the documentary and testimonial evidence for use in the Pending and Contemplated Proceedings.

4. The Discovery Targets are ordered to preserve all relevant and potentially relevant evidence in their possession, custody or control until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicants from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

6. Nothing in this Order should be construed to prevent or otherwise foreclose the Discovery Targets or another interested party from filing a timely motion to quash a subpoena issued by the Applicants.

IT IS SO ORDERED, this \_\_7th\_\_ day of \_\_April\_\_, 2020.

_____
UNITED STATES DISTRICT COURT JUDGE