USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/23/2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re Application of
YS GM MARFIN II LLC;
YS GM MF VII LLC;
YS GM MF VIII LLC;
YS GM MF IX LLC;
YS GM MF X LLC.

For an Order to Conduct Discovery for

Use in Foreign Proceedings

Case No. 20-mc-00182

~~[PROPOSED]~~ **ORDER GRANTING AMENDED FOURTH *EX PARTE* APPLICATION FOR ASSISTANCE PURSUANT TO 28 U.S.C §1782**

THIS CAUSE came before the Court upon the Amended Fourth *Ex Parte* Application for Assistance Pursuant to 28 U.S.C. § 1782 filed by YS GM MARFIN II LLC; YS GM MF VII LLC; YS GM MF VIII LLC; YS GM MF IX LLC; and YS GM MF X LLC (collectively, the "Applicants"). The Court, having considered the Section 1782 Application and supporting materials, and otherwise being fully advised in the premises, finds as follows:

A.   Applicants have met the requirements for granting the requested judicial assistance under 28 U.S.C. § 1782.

B.   For purposes of the instant Application, the Court finds that the Applicants seek documentary evidence from United Oceans LLC, which resides or is found in the Southern District of New York.

C.   The documentary evidence sought through this Application is for use in (i) a civil proceeding commenced by Applicant YS GM MF VIII LLC, which is pending before the

1

Commercial Court of Malaya at Kuala Lumpur, Malaysia; (ii) a civil proceeding commenced by Applicants before the Commercial Court of London, England (together the "<u>Pending Proceedings</u>"); and (iii) other contemplated proceedings outside of the United States arising out of or in relation to the underlying facts set forth in the Application and supporting materials that are the subject of the foreign proceedings, including, but not limited to, proceedings related to Applicants' collection of a debt against the borrowers and guarantors originated from five loan agreements and against transferees of proceeds of the sale of vessels that were beached or scrapped irrespective to Applicants' mortgages (the "<u>Contemplated Proceedings</u>", and together with the Pending Proceedings, the "<u>Pending and Contemplated Proceedings</u>").

D. Further, as claimants in the Pending Proceedings and putative claimants in the Contemplated Proceedings, each of the Applicants are an interested person within the meaning of 28 U.S.C. § 1782.

E. The discretionary factors, as described by the United States Supreme Court in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241, 247 (2004), weigh in favor of granting the requested assistance.

F. More particularly: (1) United Oceans LLC will not be a party to the proceedings in Malaysia or England and is not expected to become a party thereto; thus, the need for this discovery is more apparent; (2) there is no indication that the Malaysian or English courts would not be receptive to U.S. federal-court judicial assistance as requested in the Application; (3) the Application does not conceal an attempt to circumvent Malaysian or English proof-gathering restrictions; and (4) the Application seeks discovery that is not unduly intrusive or burdensome as the Application requests evidence of United Oceans LLC that is the type normally produced by corporate entities or persons during litigation.

Accordingly, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Application is **GRANTED**.

2. Any discovery taken pursuant to this Order, including related motion practice, shall be governed by the Federal Rules of Civil Procedure.

3. Applicants are authorized to issue and serve subpoenas on United Oceans LLC in substantially similar form to the form attached to the Application. Applicants are further authorized to issue and serve additional follow up subpoenas on United Oceans LLC as may be necessary to obtain the documentary and testimonial evidence for use in the Pending and Contemplated Proceedings.

4. United Oceans LLC is ordered to preserve all relevant and potentially relevant evidence in its possession, custody or control until further order of this Court.

5. Nothing in this Order should be construed to prevent or otherwise foreclose the Applicants from seeking modification of this Order or leave of Court to serve any additional subpoena on a person or entity.

6. <u>Nothing in this Order should be construed to prevent or otherwise foreclose the United Oceans LLC or another interested party from filing a timely motion to quash a subpoena issued by the Applicants.</u>

IT IS SO ORDERED, this 23rd Day of June 2020.

_____
UNITED STATES DISTRICT COURT JUDGE